[File No. 6101.]

TONY MISCHEL, Respondent, v. DAVID HARNDEN, Appellant.

(246 N. W. 644.)

Opinion filed January 26, 1933.

*C. H. Starke,* for appellant.

108

*Murtha & Murtha* and *Simpson, Mackoff & Kellogg*, for respondent.

BIRDZELL, J. This is an appeal from a judgment, amended judgment and order of the trial court denying the defendant's motion for a judgment notwithstanding the verdict or for a new trial. The action is one in claim and delivery. The facts necessary to an understanding of

110

the questions involved on appeal may be briefly stated as follows:

In the year 1931 the plaintiff, Tony Mischel, held a dealer's contract for handling Durant cars in Dickinson, North Dakota. He did business under the name of Mischel Motor Sales Garage. In the latter part of May of that year he had a conversation with the defendant, in which he spoke of having a sale for a car to one Jones of Beach, North Dakota, who had paid $25 down on the deal, and he desired to have the defendant advance him the money with which to obtain a car from the distributor in Bismarck. On May 25, 1931, the defendant gave him a check for such advancement in the sum of $755, a portion of which, according to Mischel's testimony, was money belonging to him on account of a prior deal or deals. This check was cashed by Mischel and he later bought a draft for $717 which paid for the car in question. He took the car to his garage in Dickinson and placed some extra equipment upon it. The sale to Jones fell through and during that season, up until sometime in December, it was used by Mischel, under a dealer's license, for both demonstration and pleasure. During that time it was driven a distance of some 3,000 to 6,800 miles. The defendant obtained possession of the car by representing that he desired to use it for a little while. He later returned some articles in the car that belonged to Mischel but declined to return the car, whereupon the instant action was brought. The plaintiff recovered and the defendant appeals.

Error is predicated upon certain rulings on evidence and upon the ruling of the trial court denying the motion for judgment notwithstanding the verdict or for a new trial. The plaintiff admitted receiving the defendant's check for $755 as an advancement for the purpose of buying the car in question to carry out the Jones sale. The defendant testified that there was an arrangement whereby he was to advance money to buy cars for the purpose of resale and to the advancement of $755 on May 25th for the specific purpose of purchasing the car in question for resale to Jones. When asked for what purpose he advanced the money he answered "To buy this de luxe car," and the answer was stricken as a conclusion, but he was allowed to testify that the money was advanced upon the representation that Mischel had a sale for the car to Jones. He also testified that a short while before he had advanced money for the purchase of a car which was later sold

to one DeLaney, but an objection to this evidence was sustained in connection with a ruling on an offer of proof concerning the DeLaney deal. In this offer it was proposed to show that Harnden had advanced the money for the purchase of that automobile and that the note and conditional sales contract ran from DeLaney to him, Harnden. The court said "I think I will confine the testimony to this car. That is the only transaction there was. As I understand it that was the only car." And, further, "I think you have to show that there was a condition of agency existing between these parties, if you show anything along that line." Harnden was permitted to testify later that the money he advanced on May 25th was for the purchase of this particular car and that it was contemplated when the sale was made the proceeds were to go to him. When admonished to state just what he and Mischel had talked about he stated "He said he would go down and bring the car home and that he had a sale for it at Beach, Jones of Beach; that the other car was sold (meaning the DeLaney car) but he got this in place of it to sell to Jones at Beach. I told him, 'all right,' I told him maybe I couldn't do it right away, that I would wait a few days. He said it would be all right but he wanted it right away and he had a sale." The DeLaney contract and note were offered in evidence but ruled out under the objection that they were incompetent, irrelevant, immaterial, and no foundation laid. The prior rulings clearly indicated that the court considered such evidence irrelevant. An offer of proof was made to the effect that the defendant desired to show that under the arrangement whereby Harnden was to advance money to Mischel he had advanced money for the purchase of cars, that one sale had been consummated and that the papers were executed in pursuance of that arrangement, that a car was purchased on May 15th with money advanced by Harnden which was later sold to DeLaney, and the note and conditional sales contract ran in favor of Harnden as owner of the car and that title was reserved in him; the purpose being to show the arrangement that existed between the parties as to the purchase and sale of automobiles and its bearing upon the purchase of the car in question, and this offer was rejected.

The rulings of the trial court clearly indicate the court was of the opinion that the terms of the contract of agency, upon which the defendant relied, had to be established by what was said and done with

112

respect to the advancement of $755 on May 25th; that is, as to whether or not it was agreed that this money was to be handled by Mischel, as agent for Harnden, in purchasing the car in question, or whether the money was loaned. The testimony with reference to the terms of the agreement is somewhat vague, doubtless because there was little said at the time which would tend to definitely characterize the transaction as creating an agency or as establishing a debtor and creditor relation. It is clear from the testimony, however, that another car had been previously purchased from the distributor to be sold to Jones of Beach and that it had been sold to DeLaney, and the car in question was being purchased to fill the Jones order. What was done with respect to the DeLaney car, therefore, is an evidentiary fact quite closely connected with the advance on May 25th and the purchase of the car in question. If in the sale to DeLaney, Harnden was considered the owner and if the deferred payments were being made to him to reimburse him for the advance, it would seem that this is a strong circumstance tending to indicate that the second car (the car in question), purchased to fill the Jones order, was to be similarly dealt with and as tending to negative the contention of the plaintiff that the advance was merely a loan.

While it is true that one transaction does not prove a course of dealing, the evidence in this case shows a sufficient connection between the DeLaney deal and the prospective Jones deal as to make them in fact part of the same general transaction; so that what was done in the DeLaney deal by way of evidencing the interpretation of the parties with respect to the transaction is relevant as tending to show what they intended with respect to the prospective Jones deal. Particularly is this true here, since the evidence does not show a definite understanding as to whther the money was being loaned or was being advanced only for a particular purpose.

The principles which we deem applicable in determining the admissibility of the evidence reposed in the offer of proof are well stated in Mechem on Agency, 2nd ed., Sections 261 and 262, as follows:

"Section 261. The existence of agency is a fact, and like other facts may be proved by any evidence, traceable to the alleged principal, and having a legal tendency to establish it. . . .

"For the purpose of making this proof, a wide range may often be

properly given to the testimony, provided that that which is offered has a real probative tendency toward the main question in issue. . . .

"Section 262. As has been seen, evidence of agency in a given case may sometimes be supplied by proof of agency on other occasions. Whether this is true or not, in a given case, depends upon a great variety of circumstances. The act in question may be so closely connected in time or character with the one proved as to leave no room for doubt. It may appear that the act in question and the one proved are parts of the same transaction or series of transactions. The acts proved may show a course of dealing of which the act in question is seen to be a part. This kind of evidence is strengthened as the acts proved increase in number, in likeness and in contiguity."

Of course, agency, like any other fact, must be proved, and the person alleging it has the burden of proving it by a preponderance of the evidence. Being of the opinion that the evidence offered had a proper bearing upon the issue which could not otherwise, under this record, have been resolved by any clear and positive evidence, the ruling complained of was prejudicial error.

It follows that the judgment appealed from must be reversed and the cause must be remanded for a new trial.

Nuessle, Ch. J., and Burke, Christianson and Burr, JJ., concur.